**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Stanley Smolensky, *Plaintiff,* | § § | |
| | § | Civil Action No.: _____________ |
| VS. | § § | |
| Amazon.com Services LLC, *Defendant.* | § § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Stanley Smolensky ("***Plaintiff***") files this Original Complaint against Defendant Amazon.com Services LLC ("***Defendant***").

## I. PARTIES

1.1 Plaintiff Stanley Smolensky is an individual residing in Harris County, Texas. Plaintiff may be served through the undersigned counsel. Plaintiff is a "transportation worker" exempt from arbitration under the Federal Arbitration Act. *See* 9 U.S.C. § 1; *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246 (2024).

1.2 Defendant Amazon.com Services LLC is a foreign limited liability company. Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. Plaintiff requests issuance of citation to Defendant.

## II. MISNOMER/ALTER EGO

2.1 In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III. JURISDICTION & VENUE

3.1 The district court has original jurisdiction of the civil action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of Texas and Defendant is domiciled in the states of Delaware and Washington. Therefore, there is complete diversity of citizenship. Further, Plaintiff's damages are in excess of $75,000, excluding interests and costs. Therefore, the amount-in-controversy requirement is met.

3.2 This Court has specific personal jurisdiction over Defendant because it conducts substantial business in the State of Texas, including, but not limited to, operating warehouses in Texas and advertising, selling and delivering its products and services into the stream of commerce with the expectation that they would be purchased by consumers within the State of Texas, as well as contracting with persons and entities within the State of Texas. Therefore, Defendant has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas. Defendant has minimum contacts with the forum state such that exercising jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

3.3 Venue is properly in this Court under U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this claim occurred within this district.

## IV. BACKGROUND

4.1 On or about July 18, 2022, Plaintiff was working in the course and scope of his employment as a Shift Assistant for Defendant at its warehouse # DH05 located at S. Lockwood, Houston, TX 77023 (the "***Premises***", "***Facility***" or "***fulfillment center***"). At all relevant times, Defendant owned, operated and/or controlled the Premises. As a Shift Assistant for Defendant, Plaintiff played a direct and necessary role in the flow of products and goods as part of Defendant's nationwide shipping operations. This role included loading and unloading shipments delivered to the Premises. On a daily basis, such shipments included shipments in interstate commerce.

4.2 On the date of the occurrence, a delivery truck was parked in the loading dock area of the Facility. When Plaintiff opened the doors to the delivery truck, carts filled with packages suddenly rolled towards Plaintiff striking him and causing serious injuries.

4.5 Defendant failed to provide Plaintiff with a safe workplace and the necessary instrumentalities, training, and assistance to perform his job safely. Defendant disregarded the safety of its employees, including Plaintiff, when it, *inter alia*, failed to ensure all areas of the loading dock were level and safe for loading and unloading packages. In addition, Defendant failed to have and implement appropriate policies and procedures for the stowage of products so they would not come tumbling out of the back of the trailer when opened. Had Defendant provided Plaintiff with appropriate instrumentalities and a safe workplace, Plaintiff would not have suffered the injuries that he sustained.

4.6 As a result of the incident, Plaintiff has suffered serious bodily injuries and serious loss for which Plaintiff seeks redress.

## V. CAUSES OF ACTION

### A. <u>Negligence & Gross Negligence</u>

5.1 Plaintiff incorporates all prior paragraphs of this petition here.

5.2 Because Plaintiff was Defendant's employee, Defendant had a duty provide a safe workplace, including the duty to warn employees of the hazards of their employment, to adequately train and supervise its employees, and to furnish reasonably safe instrumentalities with which employees are to work.

5.3 At the time and occasion in question, Defendant failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

a. Failing to provide a safe work place;

b. Failing to provide adequate training and supervision;

c. Failing to ensure delivery trucks were loaded safely and securely to prevent packages from falling out when arriving at the Facility;

d. Failing to ensure the concrete in the area of the loading dock was level;

e. Failing to adequately inspect, maintain and/or repair the area of the loading dock where the incident occurred;

f. Placing Plaintiff in a dangerous position and failing to act as a reasonable person in preventing harm;

g. Failing to develop and implement proper safety protocols for employees engaged in loading and unloading at the Facility;

h. Failing to enforce any existent precautionary measures and safety protocols regarding loading and unloading at the Facility;

i. Failing to ensure employees loading Amazon trucks properly secured packages in the trucks;

j. Disregarding the safety of Plaintiff; and

k. Other acts deemed negligent and grossly negligent.

5.4 Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

5.5 The acts and/or omissions described above, when viewed objectively from the standpoint of Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others at the time of the Incident. Such conduct was committed by Defendant with actual, subjective awareness that its conduct exposed others (including Plaintiff) to an extreme degree of risk of death or serious injury, and Defendant nevertheless acted with conscious indifference to the rights, safety, or welfare of such persons.

**B. Premises Liability**

5.7 Plaintiff incorporates by reference all paragraphs of this Petition here.

5.8 At all material times, Defendant owned, operated and/or controlled the Facility and area where Plaintiff was injured as that term is construed under Texas law. Defendant owed Plaintiff a duty of ordinary care in maintaining and safe premises, including a responsibility to inspect and make safe any dangerous condition or given adequate warning of any hazardous conditions in the Facility.

Respondent knew or should have known of the dangerous condition complained of herein. Defendant breached its duty of ordinary care and are liable to Plaintiff for negligence by:

a. Failing to inspect and make safe the uneven area of the loading dock where the Incident occurred;

b. Failing to give adequate warning of the uneven area of the loading dock where the Incident occurred;

c. Failing to repair the uneven area of the loading dock where the Incident occurred;

d. Creating the dangerous condition;

e. Disregarding the safety of Plaintiff; and

f. Other acts deemed negligent.

5.9 Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages.

5.10 Plaintiff specifically pleads that Defendant is responsible under principles of Premises liability because the condition was not open and obvious and was not known to Plaintiff. In the alternative, Defendant is liable under the necessary-use exception announced in *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 207-08 (Tex. 2015).

**C. <u>Vicarious Liability</u>**

5.11 Plaintiff incorporates all prior paragraphs of this petition here.

5.12 At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including the

janitorial staff, security, maintenance staff, or any other staff member in charge of keeping the Premises clean, free of hazards, and safe.

5.13 Moreover, Defendant was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused his injuries.

5.14 Defendant's breaches and/or the breaches of Defendant's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

5.15 Each of the above acts or omissions constitutes negligence.

## VI. NON-SUBSCRIBER

6.1 At the time of the occurrence made the basis of this suit, Defendant was a non-subscriber as described in Texas Labor Code § 406.003 because Defendant did not have a workers' compensation policy in force to cover this occurrence.

6.2 Therefore, Defendant is barred from raising the common law defenses outlined in Texas Labor Code § 406.033(a) of contributory negligence, assumption of the risk, or the fellow servant doctrine.

## VII. DAMAGES

7.1 Plaintiff's damages include, *inter alia*, injuries to his knee, leg, foot, and other parts of his body, which has resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence.

7.2 Therefore, Plaintiff brings suit for the following damages:

a. past and future medical expenses;

b. past and future physical pain and suffering;

c. past and future mental anguish;

d. past and future physical impairment;

e. past and future disfigurement;

f. past and future lost wages and lost earning capacity; and

g. exemplary damages.

## VIII. DEMAND FOR JURY TRIAL

8.1 Plaintiff demands a trial by jury on all claims.

## IX. PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

[*Signature block on next page*]

Respectfully submitted,

**ARMSTRONG LEE & BAKER LLP**

By: */s/ Scott P. Armstrong*
Scott P. Armstrong
S.D. Tex. Bar No. 2591285
State Bar No. 24092050
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone: (832) 709-1124
Facsimile: (832) 709-1125
sarmstrong@armstronglee.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

**ARMSTRONG LEE & BAKER LLP**
Kelly M. Viktorin
State Bar No. 24088676
S.D. Tex. Bar No. 2192248
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone: (832) 709-1124
Facsimile: (832) 709-1125
kviktorin@armstronglee.com